**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

LUIS GONZALEZ CABAN; BRAULIO
GONZALEZ REYES; JENNIFER GONZALEZ
MALDONADO; ARLENE GONZALEZ SOTO

       *Plaintiff*

        Vs.                                  CIVIL NO.

JR SEAFOOD INC. AND ITS INSURER "A";
PACKERS PROVISIONS OF PUERTO RICO
AND ITS INSURER INTEGRAND
ASSURANCE COMPANY, INC; RAMON
GUTIERREZ H/N/C/ GB TRADING AND
ITS INSURER "B"; RESTAURANTE EL
NUEVO AMANECER AND ITS INSURER
COOPERATIVA DE SEGUROS MULTIPLES
DE PR; UNKNOWN DEFENDANTS AND/
OR DEFENDANTS WHOSE IDENTITY OR
EXISTENCE IS UNKNOWN "C" TO "Z"

       *Defendants*

---

## COMPLAINT

TO THE HONORABLE COURT:

    NOW COME plaintiffs, represented by the undersigned attorneys, and respectfully state, allege and pray:

### I. JURISDICTION

    This Honorable Court has subject matter jurisdiction over the present claims based on diversity of citizenship, since plaintiffs are all domiciled in the State of Florida, United States of America, and defendants are domiciled in the Commonwealth of Puerto Rico, with the matter in controversy exceeding the jurisdictional amount of $75,000.00, all pursuant to 28 U.S.C. S.1332.

**II. PARTIES**

1.    Plaintiffs Luis González Cabán, Braulio González Reyes, Jenniffer González Maldonado, and Arlene González Soto are of legal age and domiciled in the State of Florida, USA.

2.    Defendant JR Seafood Inc. (hereinafter "JR Seafood") was at all times pertinent a corporation under the laws of Puerto Rico and whose principal place of business is Puerto Rico. This co-defendant, at all times pertinent, was an importer and distributor of seafood, including shrimps. Its unknown insurance company "A" is also incorporated and domiciled in a State different from the Commonwealth of Puerto Rico.

3.    Defendant Packers Provisions of Puerto Rico Inc. (hereinafter "Packers") was at all times pertinent a corporation under the laws of Puerto Rico and whose principal place of business is Puerto Rico. This co-defendant, at all times pertinent, was an importer and distributor of seafood, including shrimps. Its insurance company Integrand Assurance Company Inc. is also incorporated and domiciled in Puerto Rico.

4.    Defendant Ramón Gutiérrez h/n/c GB Trading (hereinafter "GB Trading") was at all times pertinent a person or entity operating under the laws of Puerto Rico and whose principal place of business is Puerto Rico. This co-defendant, at all times pertinent, was an importer and distributor of seafood, including shrimps. Its unknown insurance company "B" is also incorporated and domiciled in a State different from the Commonwealth of Puerto Rico.

5.    Defendant Restaurante "El Nuevo Amanecer" (hereinafter "the Restaurante"), was at all times pertinent a corporation under the laws of Puerto Rico and whose principal place of business is Puerto Rico. This co-defendant, at all times pertinent, operated and owned a business for the preparation and service of food in the town of Aibonito under the aforesaid commercial

name. Its insurance company Cooperativa de Seguros Múltiples is also incorporated and domiciled in Puerto Rico.

6. Unknown defendants or defendants whose identities are unknown "C"-"Z" include all parties in the chain of distribution of the shrimp that is subject of this lawsuit and that may have caused plaintiffs' damages, and those additional insurers that may offer coverage to any extent over the allegations of this complaint in favor of any co-defendant.

### III. FACTS AND LIABILITY

1. On August 2004 co-defendant JR Seafood sold some shrimp to co-defendant Packers, who then sold it to co-defendant GB Trading, who in turn sold it to the Restaurant on December 21st, 2004.

2. The shrimp purchased by the Restaurant had been caught in Calcutta, India and imported into the United States.

3. On February 19th, 2005 co-plaintiff Luis González Cabán went to Restaurant El Nuevo Amanecer at Aibonito, where he ordered a serving of shrimp. Immediately, as he was eating the shrimp, Mr. González Cabán felt a burning sensation in his mouth and stomach. He also suffered from the following clinical symptoms which included, but were not limited to: diarrhea; vomiting; hypotension; hypokalemia; dizziness; syncope; sensory and motor disturbance; quadraparalysis; acute inflammatory demyelination (myelitis) in the spine; renal failure; acute tubular necrosis; thrombocytopenia; acute gastroenteritis; anemia; leukocytosis; acidosis; azotemia; and diffuse skin rash (purpura) over his abdomen and arm.

4. Mr. González Cabán was taken to a hospital where his life literally hung on the balance for several days. Once he was stabilized and began his recovery, he remained with quadriplegia. As Mr. González Cabán was treated in hospitals in Puerto Rico and the United

States, it was determined that the cause of his health conditions was Paralytic Shellfish Poisoning (PSP) caused by the shrimp that he ate at the restaurant, which contained Saxitoxin.

5. Applicable Federal Regulations establish certain procedures for the detection, cleaning or discarding of shrimp that might be contaminated with Saxitoxin. The Federal Food and Drug Administration, under their "Procedures for the Safe and Sanitary Processing of Importing Fish and Fishery Products", instrumented through the system called "Seafood Hazard Analysis & Critical Control Points (HACCP), sets forth these procedures. Moreover, in cases like the one stated in this complaint, where the shrimp in question was caught in the waters of another country, federal mandates requires a Memorandum of Understanding between the United States and that country, to ensure that these shrimps will have the same safety standards as those caught in local waters. However, defendants failed to follow these regulatory mandates and procedures, hence allowing the contaminated shrimp to be available for human consumption. Under these mandates and procedures, and under Puerto Rico objective or absolute responsibility standards, all defendants (from the distributors and resellers of the shrimp to the restaurant who served it) are joint and severally liable for all the terrible damages caused to plaintiffs that will be described in this complaint, and they must compensate them as will be requested herein.

6. Insurance companies "A-Z", are each responsible, respectively, for the legal liability of their insured JR Seafood, Packers, GB Trading and the Restaurant, pursuant to the terms of the insurance policies issued in their favor. Therefore, they must compensate plaintiffs for all damages alleged in this complaint.

## IV. DAMAGES

1. As a result of the negligence and legal violations of defendants, co-plaintiff Luis González Cabán has suffered unimaginable, horrible and permanent physical damages, including

a permanent quadraparalysis, which has and will keep him in a wheelchair. Mr. González has needed and needs special care for the rest of his life, and has endured terrible physical and emotional pains and suffering since he ate the contaminated shrimp that are the object of this lawsuit.  He has also suffered a loss of income and capacity to generate income. These damages are estimated in $15,000,000.00, and specifically, his loss of income is estimated in an additional $5,0000.00.

2.  Co-plaintiff Braulio González Reyes is the father of co-plaintiff Luis González, who has taken care of him during his illness, and has suffered immense emotional damages as he has seen his son undergo permanent and terrible physical damages. These damages are estimated in $6,000,000.00.

3.  Co-plaintiffs Jenniffer and Arelene González are both daughters of Mr. Luis Maldonado, who have taken care of him during his illness, and have suffered immense emotional damages as they have seen their father undergo permanent and terrible physical damages. These damages are estimated in $6,000,000.00 each.

**V. JURY DEMAND**

Plaintiffs demand a trial by jury as to all claims and issues alleged and so triable.

***WHEREFORE***, it is respectfully prayed from this Honorable Court that judgment be entered against all defendants and for plaintiff in the amount of $38,000,000.00 as compensation for her damages, with the imposition of the costs and expenses of this litigation, reasonable attorney fees and legal interests since the date of the filing of this complaint.

**I CERTIFY:** That on this same that through the ECF system of this Court I have served a true copy of this document on all counsel of record.

**RESPECTFULLY SUBMITTED.**

AT SAN JUAN, PUERTO RICO, THIS 26th DAY OF JUNE 2014.

**S/JAIME F. AGRAIT-LLADO**
USDC 207012
**AGRAIT-LLADO LAW FIRM**
**BLANCA E. AGRAIT-LLADO**
**FRANCISCO AGRAIT-OLIVERAS**
**EMELINA AGRAIT-WILLIAMS**
P.O. BOX 19-5193
SAN JUAN P.R. 00919-5193
TEL. 753-7130
FAX. 763-1594
email:JFAgraitLaw@aol.com