IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS GONZÁLEZ-CABÁN, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JR SEAFOOD, INC., ET AL., <br><br> Defendants. | CIV. NO.: 14-1507(GAG/SCC) |

**MEMORANDUM AND ORDER**

In this products liability case arising out of injuries allegedly caused by Plaintiff Luis González-Cabán's eating of bad shrimp, Co-Defendant Packers Provisions of Puerto Rico has filed a motion to dismiss for failure to state a claim, Docket No. 60. In a hybrid filing, Plaintiffs opposed Packers's motion and requested leave to file a second amended complaint. Docket No. 86. The presiding district judge referred the motion to amend (but not the motion to dismiss) to the undersigned for disposition. Docket No. 127. I grant Plaintiffs' motion.

It is difficult to consider the motion for leave to amend without reference to the motion to dismiss to which it responds. In their first amended complaint, Docket No. 29, Plaintiffs allege that Packers bought and then re-sold some shrimp that had been imported into Puerto Rico. Eventually, these shrimp, which contained saxitoxin, were served to González at a restaurant, causing paralytic shellfish poisoning. Essentially, Packers argues that dismissal is required for two reasons: first, because Packers did not manufacture the product; and, second, because saxitoxin is naturally occurring, and therefore not manufactured.[1]

Relevantly, Plaintiffs' tendered second amended complaint makes some minor changes in response to Packers's second argument. In particular, it makes clear that at the time the

---

1.  *See Mexicali Rose v. Superior Court*, 822 P.2d 1292, 1303–04 (Cal. 1992) (holding that there is no strict liability where the "injury-producing substance is natural to the preparation of the food served," but recognizing a negligence action in the same circumstances). *But see* RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 7, cmt. b (criticizing *Mexicali Rose* and explaining that the better, majority rule recognizes the liability of food manufacturers and sellers without regard to whether they are defective as a result of "natural" or "foreign" contamination); *Mendoza v. Cervecería Corona, Inc.*, 97 D.P.R. 499, 512–13 (1969) (holding that strict liability existed where plaintiff sickened by a substance of unstated origin found in a bottled drink).

shrimp was processed, there existed methods for detecting saxitoxin and removing infected shrimp before packaging. It also adds a negligence action. For several reasons, I conclude that the amendment should be allowed.

First, at the time Plaintiffs requested leave to amend, this case was not even four months old and an initial scheduling conference had not yet been held. Thus, Plaintiffs' request cannot be called untimely. Further, the amendment adds no complications to the case. Although the second amendment adds a negligence claim, the fact of the matter is that products liability cases have similar requirements of proof whether tried under strict liability or negligence theories. *Cf. Quilez-Velar v. Ox Bodies, Inc.*, Civ. No. 12-1780(SCC), 2015 WL 672089, at *1–2 (D.P.R. Feb. 16, 2015) (explaining that negligent and strict liability design claims require proof of substantially similar elements). Thus, it will not require additional or different discovery, and it will not in fact prejudice the defendants at all.

Perhaps more importantly, the changes made by the second amended complaint do not even alter, in any significant way, the analysis that the Court will have to make in deciding Packers's motion to dismiss. In both the first and second amended complaints, Packers is sued as a non-producing

GONZALEZ-CABAN v. JR SEAFOOD                                                     Page 4

seller/distributor of the shrimp.[2] And regarding the detectability of saxitoxin, that was always going to be an issue for summary judgment or trial: the first amended complaint certainly does not admit that saxitoxin was undetectable, and even if the Supreme Court of Puerto Rico had found in 1990 that similar toxins were undetectable, such a factual finding would bind only the parties to that case, not this (or any other) Court.

Accordingly, Plaintiffs' motion to amend the complaint is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of May, 2015.

S/ SILVIA CARREÑO-COLL

---

**2.** In any case, Packers's focus on liability for products' *manufacturers* would seem to be a case of misdirection. Relying on California law, Puerto Rico *also* recognizes the strict liability of *sellers* of defective products. *See, e.g.*, *Aponte v. Sears Roebuck de P.R., Inc.*, 144 D.P.R. 830, 838 (1998) ("In our jurisdiction, we apply the standard of absolute responsibility of the manufacturer *or seller* for damages caused by defective or dangerous products." (emphasis added; translation by the Court)); *Rivera v. Superior Pkg., Inc.*, 132 D.P.R. 115, 1992 P.R.-Eng. 754830 (1992) ("Thus, under the strict liability rule governing cases of this kind in our legal system, the injured party need not prove the negligence of the manufacturer *or seller*, but must prove that the product was defective. (emphasis added)).

| | |
|---|---:|
| GONZALEZ-CABAN v. JR SEAFOOD | Page 5 |

UNITED STATES MAGISTRATE JUDGE