IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS GONZÁLEZ-CABÁN, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JR SEAFOOD INC., ET AL., <br><br> Defendants. | CIV. NO.: 14-1507(GAG/SCC) |

**ORDER**

In a motion to compel, Plaintiffs complain of certain late discovery on the part of Defendant Integrand Assurance Co.; by way of remedy, they seek to take four new depositions. Docket No. 197. The three items of which Plaintiffs complain are: (1) the late-disclosed existence of additional insurance policies of which Plaintiffs have never been informed; (2) a 2011 declaration of Ilka Soto, about which Plaintiffs had allegedly never been informed; and (3) investigative reports from two insurance claims adjusters.

As to the first of these items, Integrand admits (but cannot explain) the error. But Plaintiffs request no relief related to insurance policies about which they've recently been informed, and so the Court need do nothing else with regard to them. Similarly, Plaintiffs request no relief regarding the Soto declaration. Moreover, it appears that the declaration *was* produced to Plaintiffs' former counsel in 2011, as part of the related state-court case. Docket No. 206-1; *see also* Docket No. 206, at 6.[1]

The final issue is more complicated. In May and August 2015, apparently for the first time, Integrand produced to plaintiffs reports written by Rafael Cestero-Serrano and Alberto Pochet reflecting a substantial investigation into the facts surrounding the present case. *See* Docket Nos. 197-9, 197-10. By and large, these documents were created in 2010 and

---

1. In support of this statement, Integrand attached a Spanish-language letter dated February 14, 2011, informing the other counsel in the case that Rafael Cestero, one of the insurance investigators Plaintiffs wish to depose, had taken a statement from Soto; according to the letter, a copy of the declaration was included. Docket No. 206-1. Plaintiffs' current counsel "certif[ies] that the alleged letter was not received by [P]laintiffs," Docket No. 211, at 4, but it is not clear how he can do so; the Court understands that Plaintiffs' counsel did not even represent Plaintiffs in February 2011.

GONZALEZ-CABAN v. JR SEAFOOD                                                     Page 3

2011, but, by Integrand's own admission, were produced four or five years later. As a result of this late disclosure, Plaintiffs wish to depose Cestero and Pochet as well as two Integrand employees who handled the case internally.

Plaintiffs argue that while the reports may be covered by the work-product doctrine,[2] the facts underlying the reports are discoverable. This is true. *Sanchez v. Matta*, 229 F.R.D. 649, 657 (D.N.M. 2004) ("[T]he work-product privilege does not protect underlying facts."). But if the reports themselves were privileged, they need not have been included in Integrand's initial disclosures. Moreover, Plaintiffs fail to cite any authority suggesting that the investigators' names needed to be included in the initial disclosures,[3] nor have they specifically pointed to

---

2. Work product may be discoverable where the party seeking it "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiffs assert that these requirements are met, but they fail entirely to explain how. Docket No. 197, at 12 n.5. The argument is thus waived.

3. Plaintiffs correctly note that the First Circuit has held that "documents found during" post-litigation investigations are discoverable. *Klonoski v. Mahlab*, 156 F.3d 255, 267 (1998), *superseded by rule on other grounds as explained in*, *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008). This does not mean, however, that such information must always be disclosed in initial disclosures, and Plaintiffs have failed to point to any

any instance in Integrand's written discovery responses where it failed to provide factual information that it had as a result of these reports. What this means is that while, if discovery were still open, Plaintiffs might be permitted to conduct limited[4] depositions of Cestero and Pochet, Plaintiffs have failed to point to an actual discovery violation that would justify *reopening* fact discovery such that they can be deposed now.

The motion to compel is thus denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of September, 2015.

    S/ SILVIA CARREÑO-COLL

    UNITED STATES MAGISTRATE JUDGE

---

    other specific instance where the information at issue should have been disclosed.

**4.** *See Sanchez v. Matta*, 229 F.R.D. 649, 659 (D.N.M. 2004) ("Questions asking for the content of the questions posed to interviewees, for the organization of those questions, for follow-up questions posed, for follow-up information obtained after any interviews, for the investigator's beliefs as to the witness' veracity, for the importance of the witness' statement, or for similar questions would be improper as a violation of the privilege.").