IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS GONZÁLEZ-CABÁN, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> JR SEAFOOD INC., ET AL., <br><br> Defendant. | CIV. NO.: 14-1507(GAG/SCC) |

**MEMORANDUM AND ORDER**

In an opinion dated September 21, 2015, I denied a motion to compel that Plaintiffs had filed in this case. Docket No. 212. In relevant part, I denied Plaintiffs' request to conduct depositions regarding investigation reports prepared for Defendant Integrand Assurance by outside claims adjusters, and which had been disclosed for the first time to Plaintiffs in May and August of 2015. My reasoning was that at the time Plaintiffs made the request, the period to conduct factual depositions had closed, and Plaintiffs had failed to point to any specific

failure by Integrand to comply with its discovery obligations that would have justified reopening that period.[1]

Plaintiffs then filed a motion to reconsider my order. Docket No. 216. This motion argued that I erred when I held that factual discovery had been closed because, at Docket No. 151, the Court had "extended fact discovery [by] allowing depositions to be taken in several dates but unwittingly never set a firm date to end all fact discovery." Docket No. 216, at 5. As is the common practice in this district, I denied the motion to reconsider in a line order without reasoning, but I did so only after fully considering Plaintiffs' reasoning. And considering that reasoning, I disagreed with it. At Docket No. 96, the Court set March 10, 2015, as the date by which depositions of fact witnesses had to conclude. In June 2015, the parties asked the Court to approve certain amendments to the discovery timetable. Docket No. 148. Relevantly, they asked to conduct

---

1. That is, the documents about which Plaintiffs wish to conduct depositions were disclosed by Integrand in response to certain requests by Plaintiffs. But while Plaintiffs strongly imply that Integrand earlier had an obligation to disclose these reports, it failed to sufficiently prove that point: they did not prove that the reports should have been included in Integrand's initial disclosures, nor did they point to a specific instance in which they would have been responsive to a written discovery request but were not disclosed.

| GONZALEZ-CABAN v. JR SEAFOOD | Page 3 |
|---|---:|

a deposition of a specific fact witness in July 2015 and reserved certain days in August for the depositions of any remaining fact witnesses. *Id.* at 2. The Court approved the parties' motion, Docket No. 151, but in doing so it did not indefinitely extend the period in which the parties could conduct discovery. On the contrary, it approved limited extensions of the timetable, and so at most permitted fact depositions to be conducted through August 14, 2015. But Plaintiffs' motion to compel was not filed until September 10, 2015. Because Plaintiffs' motion still failed to point to a discovery failure justifying the reopening of factual deposition discovery, I denied the motion to reconsider.[2]

On October 19, 2015, Plaintiffs purported to appeal my order denying the motion to reconsider to the presiding district judge.[3] Docket No. 230. The putative appeal made much the

---

2. At certain points in their filings, Plaintiffs suggest that they were not in possession of sufficient information to depose the two independent adjusters before the production of certain documents by Integrand in August 2015. This is unconvincing. In July 2015, they "subpoenaed documentation" from one of those adjusters, Alberto Pochet, *see* Docket No. 216, at 4, and the report prepared by the other, Rafael Cestero, was produced to Plaintiffs in May 2015, *see* Docket No. 197-9.

3. As Integrand points out, Plaintiffs did not appeal my order denying the original motion to compel, presumably because they had missed the

| | |
|---|---:|
| GONZALEZ-CABAN v. JR SEAFOOD | Page 4 |

same argument that I had rejected in denying the motion for reconsideration. On October 20, 2015, the presiding judge converted Plaintiffs' appeal into a "motion for reconsideration in the first instance" and referred it to me for disposition, directing me to state my reasons for decision. I must thus consider Plaintiffs' motion as a motion to reconsider my denial of Plaintiff's motion to reconsider the denial of their motion to compel. So construed, I deny it for the same reasons that I denied the original motion for reconsideration.

 IT IS SO ORDERED.

 In San Juan, Puerto Rico, this _____.

   S/ SILVIA CARREÑO-COLL

   UNITED STATES MAGISTRATE JUDGE

---

deadline to do so. Instead, they attempted to bootstrap an appeal of the underlying order onto an appeal of the denial of reconsideration.