# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LUIS GONZALEZ CABAN, et al,**

**Plaintiffs,**

**v.**

**JR SEAFOOD, et al.,**

**Defendants.**

**CIVIL NO. 14-1507 (GAG)**

## **OPINION & ORDER**

Pending before the Court is Co-Defendant Packers Provisions' Motion to Dismiss Plaintiffs' strict liability claims (See Docket No. 60) that led to the certification of an unsettled question of law to the Puerto Rico Supreme Court: whether the strict liability doctrine applies to defects of food products that have not been manufactured or fabricated. (Docket No. 198.)

In moving to dismiss, Defendants argue that: (1) Plaintiffs' complaint fails to sufficiently allege the application of the strict liability doctrine to this case; and (2) Plaintiffs failed to establish that Defendants, as part of the supply chain of the allegedly contaminated shrimp, had a duty to perform tests to detect the presence of saxitoxin. (Docket No. 60.)

The District Court turned to Puerto Rico's highest court to answer the question of Puerto Rico law that arose in this case. The Court stressed that there was no local precedent to guide this Court's ruling and that the question certified was vital to this case's resolution. Id.

On September 11, 2015, the District Court asked the following questions to the Puerto Rico Supreme Court:

> Under the principles of product liability, is a supplier/seller strictly liable for the damages caused by human consumption of an extremely poisonous natural toxin

found in a shrimp, even if said food product (and its "defect") are not a result of manufacturing or fabrication process?

If the previous question is answered in the affirmative, would it make a difference if the "defect" of the food product is readily discoverable scientifically or otherwise?

(Docket No. 198.) In response, the Puerto Rico Supreme Court accepted this Court's request of certification. (Docket No. 271).[1]

## I. Certification to the Puerto Rico Supreme Court

"[C]ertification offers a federalism benefit to federal courts. Insofar as it allows a state court to determine pertinent issues of state law, certification spares a federal court the difficult chore of determining state law." EXAMINING THE POWER OF FEDERAL COURTS TO CERTIFY QUESTIONS OF STATE LAW, 88 Cornell L. Rev. 1672, 1697 (2003).

The decision to certify questions of state law is discretionary. "Absent controlling state court precedent, a federal court . . . may certify a state law issue to the state's highest court, or undertake its prediction 'when the course [the] state courts would take is reasonably clear.'" Van Haaren v. State Farm Mutual Automobile Insurance Co., 989 F.2d 1, 3 (1st Cir. 1993) (citing Porter v. Nutter, 913 F.2d 37, 41 n.4 (1st Cir. 1990); see also Collazo-Santiago v. Toyota Motor Corp., 937 F. Supp. 134, 138 (D.P.R. 1996) aff'd, 149 F.3d 23 (1st Cir. 1998). "[I]f the existing case law does not provide sufficient guidance to allow [the court] reasonably to predict how the state's courts would resolve the question, the prudent course is to certify the question to that court better suited to address the issue." Pagan-Colon v. Walgreen of San Patricio, Inc., 697 F.3d 1, 18 (1st Cir. 2012);

---

[1] While the question concerning the applicability of the strict liability doctrine was pending before the PRSC, the District Court denied Defendants' second motion to dismiss as to the rest of Plaintiffs' claims. "As pleaded in Plaintiff's Second Amended Complaint, the court finds that under the applicable pleading standard of Rule 12(b)(6) explained above, Plaintiffs set forth enough facts to sufficiently state a claim upon which relief can be granted, under Puerto Rico general tort claims." (Docket No. 208).

2

see also Watchtower Bible Tract Socy of New York, Inc. v. Municipality of Ponce, 197 F. Supp. 3d 340, 344-45 (D.P.R. 2016).

## A. Principles of Comity and Federalism

The idea of comity between local and federal courts is not a trifling concept. Comity is defined as the practice among political entities (as nations, states, or courts of different jurisdictions), involving especially mutual recognition of legislative, executive, and judicial acts. BLACK'S LAW DICTIONARY 303-04 (9th ed. 2009). Comity is "'neither a matter of absolute obligation, on the one hand, nor a mere courtesy and good will, upon the other.'" Hilton v. Guyot, 159 U.S. 113, 163-64 (1895)). The mutual respect between state and federal courts affords the participants a timely resolution of matters and a sense of finality. See Martínez v. Ryan, 566 U.S. 1, 10 (2012). Similarly, federalism simply describes the "legal relationship and distribution of power between" the federal and state governments, but recent jurisprudence seems to expand the working definition of federalism to incorporate "cooperative federalism."[2] BLACK'S LAW DICTIONARY 687 (9th ed. 2009); see Cullen v. Pinholster, 563 U.S. 170, 185 (2011) (explaining virtues of "comity, finality, and federalism" in the habeas corpus context). Together, these principles guide the court when tasked to interpret novel or unsettled areas of local law.

Rather than boldly asserting itself as the ultimate authority of local law, a federal court should afford the local judiciary the opportunity to be the first to rule on the legality or constitutionality of local law. See Globe Newspaper Co. v. Beacon Hill Architectural Comm'n, 40 F.3d 18, 24 (1st Cir. 1994). Courts can achieve this goal by invoking abstention doctrines or by certification. See Sullivan v. City of Augusta, 511 F.3d 16, 44 (1st Cir. 2007). The certification

---

[2] Cooperative federalism is defined as the distribution of power between the federal government and the states in which each recognizes the powers of the other while jointly engaging in certain governmental functions. BLACK'S LAW DICTIONARY 687 (9th ed. 2009).

mechanism is widely applauded as increasing the likelihood of a federal court answering the substantive question correctly and demonstrating a federal court's respect for the state court. See Rebecca Hollander-Blumoff, The Psychology of Procedural Justice in the Federal Courts, 63 HASTINGS L.J. 127, 169 (2011) (stating benefits of certification are "getting the legal question substantively correct[,] . . . not creating contrasting precedent [between the state and federal courts, and] . . . signal[ing] respect and deference to the state court system's capabilities to determine its own state law").

## II. Gonzalez Caban v. JR Seafood, 2017 TSPR 167

On December 1, 2017, the Puerto Rico Supreme Court answered in the negative this Court's certified question of law, holding that a shrimp contaminated with saxitoxin did not trigger the application of the strict liability doctrine. Because the allegedly contaminated shrimp was not manufactured, that is, that the product's became contaminated without human intervention, the Puerto Rico Supreme Court reasoned that the case at bar falls outside of the scope of the strict liability doctrine's protection

Given the Puerto Rico Supreme Court's answer, Plaintiffs' strict liability claim against Defendants, as sellers, distributors and/or packagers of the defective product —the allegedly contaminated shrimp— and their respective insurance companies, cannot proceed.

Consequently, the Court **GRANTS** Defendant's motion at Docket No. 60 and **DISMISSES** Plaintiffs' strict liability claims. Plaintiffs' case continues as to the remaining claims.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of January, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge